UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DETRICK CULLUM, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-1006 |
| | ) |
| EITEN-MILLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MERIT REVIEW ORDER

Plaintiff, proceeding *pro se* and incarcerated at Illinois River Correctional Center, pursues an action under 42 U.S.C. § 1983 against Defendants Eiten-Miller and Nathan Sims.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff was placed in segregation on March 2, 2020. Plaintiff alleges Eiten-Miller intentionally delayed his mail while he was in segregation by sending it back to the mailroom. As a result, Plaintiff missed the deadline to file a petition for leave to appeal. Inmates have a protected First Amendment right to both send and receive mail. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). "[T]he right of access to the courts is an aspect of the First Amendment right to petition the

Government for redress of grievances." *Lewis v. Casey*, 518 U.S. 343, 406 (1996). Such a claim will be actionable, however, "only if Plaintiff suffered an 'actual injury' from the inability to pursue a nonfrivolous claim." *Id*. at 351. The Court finds that Plaintiff has stated an actionable claim under the First Amendment against Eiten-Miller.

Plaintiff next alleges that Eiten-Miller sabotaged his cell and took his thermal top on April 13, 2020, after Plaintiff complained about the "bone-chilling" cold conditions in segregation. Without his thermal top, Plaintiff shivered, could not sleep, and had a runny nose and sneezed for several days. "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 833-34 (1994)). "Prisoners are, however, entitled to 'the minimal civilized measure of life's necessities,' including adequate shelter. For this reason, prisoners have a right to protection from extreme cold." *Dixon*, 114 F.3d at 642 (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1433 (7th Cir. 1996) (quoted citations omitted). In addition to establishing an objectively serious condition, Plaintiff must also establish a subjective component, that Defendants were aware of the harm and deliberately indifferent to his health and safety. *Haywood v. Hathaway*, 842 F.3d 1026, 1031 (7th Cir. 2016). Here, Eiten-Miller allegedly knew about the cold conditions in segregation because Plaintiff previously complained. He then took Plaintiff's thermal shirt, which Plaintiff was using to keep warm. The Court finds that Plaintiff has stated a conditions-of-confinement claim against Eiten-Miller.

Next, Plaintiff states that he requested to speak with a crisis team member while he was in segregation. In response to this request, Eiten-Miller tightly placed handcuffs on Plaintiff's wrists and then forcefully yanked the chain link connecting the handcuffs, causing scrapes, welts, and broken skin. Eiten-Miller then grabbed Plaintiff's left arm, which Eiten-Miller knew had

2

previously been injured, and threw Plaintiff into the crisis watch cell. To state a claim for excessive force, Plaintiff must show that the force was applied maliciously and sadistically, not in a good faith effort to maintain or restore discipline. *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986). "[W]hile a plaintiff need not demonstrate a significant injury to state a claim for excessive force under the Eighth Amendment, 'a claim ordinarily cannot be predicated on a *de minimis* use of physical force.'" *Outlaw v. Newkirk*, 259 F.3d 833, 837–38 (7th Cir. 2001) (internal citations omitted). The Court must balance the amount of the force used against the need for the force. If no force is necessary, even *de minimis* force may not be used. *Reid v. Melvin*, 695 Fed.Appx. 982, 983-84 (7th Cir. 2017). Based on the Court's review, Plaintiff has raised a colorable claim of excessive force against Eiten-Miller.

Plaintiff next alleges that while he was in the crisis watch cell, Nathan Sims permitted an authorized "shakedown" of his cell. He alleges that Sims illegally searched through his personal property and seized pictures of Plaintiff's mother and her personal information, used that information to conduct research about her, and divulged the results of his research to several officers. Plaintiff also alleges that Sims intentionally planted drugs in his cell during the shakedown in retaliation for filing grievances and lawsuits and then wrote Plaintiff a "Disciplinary Referral for Drugs and Drug Paraphernalia." (ECF No. 1 at 24). Plaintiff claims that legal documents, artwork, and pictures of his deceased uncle and his nephew had been torn. He went on a hunger strike after finding his cell in such disarray.

Finally, Plaintiff alleges that Eiten-Miller sabotaged Plaintiff's cell during an unauthorized "shakedown" on December 22, 2021, and that "he will not stop his retaliation and harassment of Plaintiff." (ECF No. 1 at 17). He particularly targeted Plaintiff's legal papers and took Plaintiff's books, photos, clothing, and writing utensils.

Prisoners have a protected First Amendment right to file lawsuits and grievances. *Dobbey v. IDOC*, 574 F.3d 443, 446 (7th Cir. 2009). A prisoner may not be disciplined for filing a grievance or lawsuit as "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000). To establish First Amendment retaliation, Plaintiff must successfully allege that (1) his speech was constitutionally protected, (2) he has suffered a deprivation likely to deter free speech, and (3) his speech was at least a motivating factor in the [defendant's] action. *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006). At this juncture, the Court finds Plaintiff has stated a colorable First Amendment retaliation claim against Defendants Eiten-Miller and Sims.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states a First Amendment retaliation claim against Defendant Nathan Sims. Against Defendant Eiten-Miller, Plaintiff states an excessive force claim, conditions of confinement claim, and First Amendment claims based on preventing Plaintiff from receiving his mail while he was in segregation and the unauthorized shakedowns of Plaintiff's cell. Additional claims shall not be included in the case above, except in the Court's discretion on motion by a party for good cause shown under Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) If Defendants no longer work at the address Plaintiff provided, the entity for whom Defendants worked while at that address shall submit to the Clerk Defendants' current work address, or, if not known, Defendants' forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the Clerk sends the waiver of service. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' position. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the answer is necessary or will be considered.

6) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendants' counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned

unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

7)   Counsel for Defendants are hereby granted leave to depose Plaintiff at Plaintiff's place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8)   Plaintiff shall immediately inform the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9)   If Defendants fail to sign and return a waiver of service to the Clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on Defendants and will require Defendants to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

10)   Within 10 days of receiving from defense counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to defense counsel. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

11)   The Clerk is directed to set an internal court deadline 60 days from the entry of this Order for the Court to check on the status of service and enter scheduling deadlines.

ENTERED:  3/24/2022

                                                        s/ Michael M. Mihm
                                                        Michael M. Mihm
                                                        United States District Judge